## Bradbury et al. v. Barker et al.

October 7, 1949.

Lindsay Ridgway and Carroll & Carroll for appellants.

Samuel Steinfeld for appellees.

JUDGE REES—Reversing.

The Fiscal Court of Bullitt County brought this action in the Jefferson Circuit Court against the Fiscal Court of Jefferson County to compel the latter to cooperate with the Fiscal Court of Bullitt County in repairing a bridge across Pond Creek on the line between the two counties. Jefferson County was made a party defendant. It was alleged in the petition that a public road extends from Jefferson County into Bullitt County, and that on the division line at Pond Creek is a bridge which was constructed jointly by the two counties and has been under their joint control and supervision since its construction; that the bridge has become in a bad state of repair, and is dangerous for the traveling public. The action was brought under sections 178.250, 178.260, and 178.270 of the Kentucky Revised Statutes. Subsection (1) of section 178.250 reads: ''When it is necessary to build or repair any bridge across any stream on the line between two counties, or to construct or repair any road between two counties, or along the boundary line thereof, the fiscal courts of the counties

may enter into such agreement therefor as they find best, but if they disagree, the fiscal court of each county shall appoint two special commissioners who, together with the county road engineer of each county and a representative of the Department of Highways, shall meet and arrange the matter.''

Subsection (2) provides that the decision reached by the committees acting jointly with a representative of the Department of Highways shall be binding, and subsection (3) provides that if the fiscal court of any county fails to appoint commissioners the remedy by mandamus shall lie before the circuit court of the county whose fiscal court is complained of on behalf of the fiscal court of the other county, and the circuit court shall compel the fiscal court complained of to do what ought to be done in the matter. Section 178.260 provides that if the fiscal courts decide to make the improvements, the plans, specifications and estimates of costs shall be furnished by the Department of Highways, and the fiscal courts, voting separately, shall approve the plans and specifications and shall jointly award the contract. Section 178.270 reads:

''Costs of joint roads and bridges. (1) The contract for the work shall specify the portion of the costs to be paid by each fiscal court, and each county shall be severally liable for its proportion. The cost of the work shall be borne in proportion to the total assessed value of each county.

''(2) After the completion of the work, the improvement shall be maintained by the fiscal courts or other authorities of the counties or other political divisions joining in the improvements, who shall bear and pay the same proportion of the costs that they severally bore toward the cost of the original improvements.''

In their answer as amended, the defendants set forth the negotiations between the two counties and gave the history of the bridge. It appears from this pleading that the bridge in question was constructed in 1907 under an agreement between the two counties whereby each county paid one-half of the cost of construction. At the time the bridge was constructed Katherine Station Road on which it was located extended from the Dixie Highway in Jefferson County to Shepherdsville

in Bullitt County. In 1917 Ft. Knox Military Reservation was established in Bullitt County, and Katherine Station Road was closed at a point one-half mile from the Pond Creek bridge. It was alleged in the answer as amended that so much of the Katherine Station Road as extends into Bullitt County is of no value to Jefferson County or any of the residents of Jefferson County, and that the bridge over Pond Creek, because of the change of conditions which occurred in 1917, is of no value to and does not serve Jefferson County. The defendants prayed that Jefferson County be adjudged not liable for any part of the cost of repair of the bridge and that the petition be dismissed, but if this could not be done that Jefferson County be adjudged to bear and pay only the same proportion of the cost that it bore toward the cost of the original construction, to wit, one-half thereof. A demurrer to the answer as amended was overruled, the plaintiff declined to plead further, and their petition was dismissed.

It is the contention of the appellants that both Bullitt and Jefferson Counties are liable for the cost of repairing the bridge, and that the cost must be "borne in proportion to the total assessed value of each county" which will place more than 99% of the cost on Jefferson County, since the assessed value of property in Jefferson County is $983,806,745 and the assessed value of property in Bullitt County is $7,897,588. The appellees contend on the other hand that Jefferson County is liable for no part of the cost of repairing the bridge, but if wrong in this that the county's liability is limited to one-half of the cost. The present statutes on the subject are substantially the same as those in effect when the bridge was constructed in 1907, and as they were in 1884 when Washer v. Bullitt County, 110 U. S. 588, 4 S. Ct. 249, 28 L. Ed. 249, was decided. In that case it appeared that Bullitt County appointed commissioners and notified Jefferson County thereof, requesting it to appoint commissioners to enter into an agreement for the construction of a bridge over a stream on the boundary line of the two counties. Commissioners were appointed by Jefferson County, and the commissioners appointed by the two counties met but were unable to agree upon a plan for erecting the bridge. Thereupon the Fiscal Court of Bullitt County decided that the bridge was necessary

for the public use of the people of the county and contracted for the erection of the bridge without the aid of Jefferson County. The question involved in the Washer case was the validity of this contract, it being contended that Bullitt County, under the Statutes of Kentucky was without authority to make a contract by which it undertook at its own cost to build across a boundary stream a bridge one end of which was in another county. The Supreme Court of the United States held that the power given by the Kentucky Statutes to adjoining counties to construct bridges across boundary streams did not take away the right of each of the counties to construct such bridges at its sole expense. We think that construction of our statutes is sound. This being true, two adjoining counties may agree to construct a bridge over a boundary stream at joint expense, but such agreement may provide for sharing the costs "as they find best." In the present case the bridge was constructed under an agreement by which the two counties shared the cost equally. When it becomes necessary to repair the bridge subsection (2) of section 178.270 of the Kentucky Revised Statutes applies. This subsection provides that the two counties "shall bear and pay the same proportion of the costs that they severally bore toward the cost of the original improvements."

It follows that the circuit court erred in dismissing the petition, and the judgment is reversed for proceedings consistent herewith.